**WOODS v. LOMBARDI.**

Civ. A. No. 6872.

United States District Court.
W. D. Pennsylvania.

March 13, 1951.

296

Cyril F. Pessolano, Chief Rent Litigation Unit, Upper Darby, Pa., and David R. Levin, Pittsburgh, Pa., for plaintiffs.

Robert M. Carson, Greensburg, Pa., for defendant.

BURNS, District Judge.

1. At all times pertinent hereto, Mrs. Anna Lombardi, defendant, was owner of housing accommodations at 420 Wood Street, Greensburg, Pennsylvania. This property was a dwelling which included an apartment on the first floor and an apartment on the second floor.

2. At all times mentioned herein, the maximum legal rents permitted for the

aforesaid apartments under the Rent Regulation for Housing, 8 F.R. 7322, was $25.00 per month for each apartment.

3. In the spring of 1947, there was a fire in the second-floor apartment. Some damage to both apartments resulted.

4. Defendant thereafter incurred some expenditure to effect repairs to, and do some remodeling of, those apartments.

5. On May 28, 1947, and on June 18, 1947, defendant and the tenants of the two apartments entered into written lease agreements which set the rental of each apartment, "subject to the approval of the Office of Price Administration", at $42.50 per month. Each lease was to be for a period of one year, beginning June 1, 1947.

6. Defendant filed a petition for adjustment of the maximum allowable rent of each apartment on October 23, 1947. On March 3, 1948, the Rent Director for the Pittsburgh Defense Rental Area denied the application. His order was affirmed by the Acting Regional Housing Expediter on April 2, 1948.

7. From June 17, 1947, to April 1, 1948, defendant demanded and received $42.50 monthly rental from the tenant of the first-floor apartment, one Alvin Costabile. The total amount which defendant received in excess of the maximum legal rental was $166.25.

8. From June 17, 1947, to May 31, 1948, defendant demanded and received $42.50 monthly rental from one Joseph E. Meyers, the tenant of the second-floor apartment. The total amount which defendant received in excess of the maximum legal rental was $201.25.

9. Because defendant refused to accept tender of the maximum legal rental, $25.00 per month, Costabile paid no rent for the months of April, May, and June, 1948. On July 1, 1948 therefore, Costabile had not paid defendant the $75.00 rental which he owed for the three aforementioned months.

10. Because defendant refused to accept tender of the maximum legal rental, $25.00 per month, Meyers paid no rent for the month of June, 1948. On July 1, 1948, therefore, Meyers had not paid defendant the $25.00 rental which he owed for June.

11. The instant complaint was filed on December 29, 1947.

12. On July 3, 1948, Costabile and his wife signed an instrument in which they recited that their claims, arising out of the payment of rent in excess of the maximum legal rental, had been satisfied. Defendant in the same instrument acknowledged receipt of all rent due to July 1, 1948, and further promised to install a bathroom in the first-floor apartment. Although the tenant continued to occupy said apartment, defendant failed to install such bathroom.

13. One June 28, 1948, Meyers and his wife signed an instrument in which they recited that their claims, arising out of the payment of rent in excess of the maximum legal rental, had been satisfied. Defendant, in turn, waived the rent due for June, 1948.

14. Meyers was tenant of said second-floor apartment when trial of this case was had.

15. The repairs and renovations effected by defendant subsequent to the fire in the spring of 1947 were not so extensive or so costly as to render arbitrary the refusal of the housing authorities to increase the rent ceiling on the two apartments because of that expenditure by defendant.

16. The instruments by which Costabile and Meyers purportedly relinquished their claims to repayment of the rental overcharges were not only contrary to public policy as set forth in the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 901 et seq., and the Housing and Rent Act of 1947, as amended, 50 U.S.C.A.Appendix, § 1881 et seq., but also invalid for the further reason that, as to both tenants, defendant merely promised to forgive a smaller liquidated debt in return for the tenants forgiving a larger liquidated debt; the promise to install a bathroom in Costabile's apartment being never fulfilled.

Conclusions of Law

1. This Court has jurisdiction of the subject-matter of this action and the parties therein.

2. Defendant violated the Emergency Price Control Act of 1942, as amended, and the Housing and Rent Act of 1947, as amended, by demanding and receiving rent in excess of the maximum permitted by said statutes and regulations issued pursuant thereto.

3. Since defendant has engaged in the foregoing violations, the issuance of an order enforcing compliance is authorized and warranted.

4. Since defendant has engaged in the foregoing violations, an order requiring restitution of the overcharges to the tenants, but reduced in each instance by the unpaid rent as set forth in Finding of Fact 9 and Finding of Fact 10, is authorized and warranted.

5. The June 28, 1948, instrument executed by Meyers and his wife was a legal nullity, both because of its being contrary to legislative policy and the public interest, and because of there being a lack of consideration.

6. The July 3, 1948, instrument executed by Costabile and his wife was a legal nullity, both because of its being contrary to legislative policy and the public interest, and because of the failure of consideration.

7. An order should issue:

(a) directing the defendant to pay to the Treasurer of the United States the sum of $267.50, for the use and benefit of the following tenants in the respective amounts as follows:

| | |
|---|---|
| Alvin Costabile | $91.25 |
| Joseph E. Meyers | $176.25 |

(b) enjoining the defendant, her agents, servants, and employees, and all persons in active concert or participation with them from directly or indirectly soliciting, demanding, accepting, or receiving rents in excess of the maximum legal rents permitted by the Housing and Rent Act of 1947, as amended, and regulations issued thereunder, as heretofore or hereafter amended.

An appropriate order may be prepared.